UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARRY LEMAX MELTON                                                                           PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:17-CV-36-DPJ-FKB

WARDEN FRANK SHAW, et al                                                                 DEFENDANTS

ORDER SETTING ASIDE ENTRY OF DEFAULT

Before the Court are Defendant George Schwaeble's Motion to Set Aside Clerk's Entry of Default [52] and Plaintiff Barry Lemax Melton's Motion for Default Judgment as to George Schwaeble [55]. For the reasons described herein, the Court finds that Schwaeble's Motion to Set Aside Clerk's Entry of Default should be granted and Melton's Motion for Default Judgment should be denied.

Plaintiff filed suit on January 18, 2017. Compl. [1]. In his Complaint, Melton alleges various claims against a total of nineteen defendants, one of whom is George Schwaeble. *Id.* at 5. Most of Melton's claims relate to an alleged assault against him on July 24, 2016, and events stemming therefrom. *See id.* at 5–14. Among these claims, Melton alleges that Schwaeble violated his First, Eighth, and Fourteenth Amendment rights as part of an alleged "cover up" of the assault. *Id.* at 11–12. Melton alleges that he suffered pain, suffering, and emotional distress as a result of Schwaeble's actions and that those damages are still ongoing as of the filing of the Complaint. *Id.* at 12.

On February 23, 2017, the Court granted Melton's motion to proceed in forma pauperis and directed the Clerk of Court to issue a Notice of Lawsuit and Request to Waive Service of Summons for the defendants to Steven Griffin, Esq., and Michael J. Bentley, Esq., counsel for

1

the entities alleged to employ defendants.  Order [7]; Order [9].  Counsel was unable to submit a waiver on behalf of Schwaeble [14], and the Court issued a Notice of a Lawsuit and Request to Waive Service of Summons to Schwaeble on March 13, 2017 [18].  On April 17, 2017, the Court directed the Clerk to issue summons to Schwaeble and have the United States Marshal perform service.  Order [34].  On April 26, 2017, the summons to Schwaeble was returned executed and was filed under seal.  Summons [44].  Schwaeble's Answer was due by May 17, 2017.

On August 10, 2017, Melton moved for an entry of default, as Schwaeble had not yet filed an Answer.  Mot. [50].  The Clerk entered Schwaeble's default the next day.  Clerk's Entry of Default [51].  Schwaeble filed his motion to set aside default on August 18, 2017, Mot. [52], and Melton moved for default judgment on August 24, 2017, Mot. [55].

"Defaults are not favored and their strict enforcement 'has no place in the Federal Rules.'"  *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)).  "[E]ntries of default are serious; 'where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits.'"  *Id.* (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).  "For good cause shown the court may set aside an entry of default. . . ."  *Id.* (citing Fed. R. Civ. P. 55(c)).

"The requirement of 'good cause' has generally been interpreted liberally."  *Id.* (quoting *Amberg*, 934 F.2d at 685) (internal quotation marks omitted).  "Three factors are examined for determining 'good cause' *vel non*:  (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented."  *Id.* (citing *Lacy*, 227 F.3d at 292).  "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause."  *Id.* (citing *Dierschke v. O'Cheskey*,

975 F.2d 181, 184 (5th Cir. 1992)). "Other factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.*

Attached to Schwaeble's motion is an affidavit in which he explains his reasons for not timely filing an answer after being served with process. Schwaeble Aff. [52-1]. He explains that he had previously been in contact with counsel representing the other defendants in this case currently or formerly employed by Management & Training Coproration ("MTC"), and he believed that MTC's attorney was handling the case on his behalf. *Id.* at 1–2. He states that he assumed that if he needed to do anything with regard to the lawsuit, his former employer, MTC, or its counsel would let him know. *Id.* at 2. Schwaeble states that MTC's counsel contacted him by letter on August 15, 2017, regarding the entry of default. *Id.* Schwaeble reached out to MTC's counsel, Mr. Griffin, the same day he received the letter. *Id.* Schwaeble states in his affidavit that while he remembers that Melton was involved in a physical altercation with other inmates on his housing unit, Schwaeble was not involved in any investigation of that assault. *Id.*

The Court finds that good cause exists to set aside the Clerk's entry of default, as each of the three factors weighs in Schwaeble's favor: (1) based upon Schwaeble's affidavit, his failure to timely respond to the summons was not willful; (2) his statement that he was not involved in any investigation of the assault which forms the basis of Melton's Complaint could prove to be a meritorious defense; and (3) the Court can find no prejudice against Melton that would result from the Court setting aside the entry of default. Additionally, Schwaeble acted promptly to correct the default, filing the instant motion only seven days after the entry of default, and filing his answer only ten days after that. *See* Mot. [52]; Answer [57].[1]

---

[1] The Court also observes that because the executed summons as to Schwaeble was filed under seal, counsel for MTC never received notice that Schwaeble had actually been served. This factor also weighs in favor of setting aside the entry of default.

Accordingly, the Court finds that Schwaeble's Motion to Set Aside Entry of Default [52] should be granted and that the entry of default should be set aside.  Because the Court sets aside the entry of default, and for the reasons already described, the Court finds that Melton's Motion for Default Judgment [55] should be denied.

**SO ORDERED AND ADJUDGED** this the 25th day of January, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
